### T. A. FLEMING *v.* BENJAMIN FLEMING.

Where a testator leaves two wills, that of later date not expressly revoking the former, and the former is propounded for probate, *held* to be proper for the Court to leave to the jury the question, whether it was the intention of the testator that the former paper-writing should be his will.

CAVEAT, tried before *Buxton, J.*, at Spring Term 1868 of the Superior Court of PITT.

The testator died in the army of the Confederate States in 1864. He left behind him two holographs of different dates, making in each very much the same disposition of his property. His widow, who was the sole beneficiary under both papers, propounded the former one for probate.

Under the ruling of his Honor there was a verdict establishing the paper propounded, and the caveator appealed.

*Jenkins and Fowle & Badger*, for the appellant.

*Biggs, contra.*

READE, J. The paper-writing propounded, was executed with all the formalities which the law requires. The paper-writing offered in evidence by the caveator, of a subsequent date, executed with like formalities, did not in terms revoke the paper-writing propounded, and the disposition of the testator's property is substantially the same in both.

His Honor properly left it with the jury to say whether it was the intention of the testator that the paper propounded should be his will, and the jury found that fact in favor of the paper propounded.

It was, therefore, properly admitted to probate. Whether the second paper might not have been admitted to probate also, along with the first, if it had been propounded, cannot be determined by us, nor is it important, for both papers are substantially the same.

This will be certified, &c.

PER CURIAM.                    There is no error.